June 12th, 2017

Lynn Dale Hover and Mila Jean Hover

28005 Southeast 63rd Street

Issaquah, Washington

pro per, unrepresented, sui juris

```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

SG    JUN 12 2017

              AT SEATTLE
         CLERK U.S. DISTRICT COURT
BY    WESTERN DISTRICT OF WASHINGTON
                              DEPUTY
```

## United States District Court
## Western District of Washington
### At Seattle

17 CV-00902 RSM

| | | |
|---|---|---|
| Lynn Dale Hover and Mila Jean Hover, | ) | **Index No.** _____ |
| | ) | |
| **Plaintiff(s)/Petitioner(s)** | ) | **Verified Complaint** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| GMAC Mortgage Corporation aka Ditech | ) | |
| Financial LLC - dba ditech.com, | ) | |
| | ) | |

| | |
|---|---|
| Mortgage Electronic Registration Systems, | ) |
| Inc., MERS | ) |
| Federal Mortgage Association (Fannie | ) |
| Mae), | ) |
| | ) |
| Nationstar Mortgage LLC, | ) |
| | ) |
| Northwest Trustee Services, Inc., | ) |
| | ) |
| JOHN OR JANE DOES 1-1000, unknown | ) |
| investors, agents, et al. | ) |
| | ) |
| Defendants(s) | ) |
| | ) |
| | ) |
| | ) |

COMES NOW the Plaintiff, Lynn Hover and Mila Hover ("Plaintiff(s)"), complaining of the

Defendants and alleges as follows:

Parties

1) Plaintiffs, Lynn D Hover and Mila Hover (Hereinafter "Plaintiff(s)" or

"Plaintiff(s)/Petitioner(s)), are natural born people, natural person(s) currently owning/living in

a house on the land in Washington state, King county, located at: 28005 Southeast 63rd Street, Issaquah, Washington;

2) Defendant(s), Seattle-First National Bank aka Bank of America (by Mergers), is a national bank, ("also hereinafter "Seattle-First National Bank aka Bank of America") and has its principal place of business located at, 100 North Tryon Street, Charlotte, NC 28255.

3) Defendant(s), Mortgage Electronic Registration Systems, Inc., is a corporation, nominee, ("also hereinafter "MERS") and has its principal place of business located at, P. O. Box 2026, Flint, MI 48501-2026.

4) Defendant(s), GMAC Mortgage Corporation aka Ditech Financial LLC, dba, ditech.com, is a limited liability company and by merger has its principal place of business located at Ditech Financial LLC, 1100 Virginia Drive, Suite 100A, Fort Washington, PA 19034

5) Defendant(s), Federal Mortgage Association ("also hereinafter "Fannie Mae") is a quasi government mortgage lender and has its principal place of business located at 3900 Wisconsin Avenue, Washington DC 20016,

6) Defendant(s), Nationstar Mortgage LLC, is a limited liability company and has its principal place of business located at 8950 Cypress Waters Blvd, Coppell, Texas 75019,

7) Defendant(s), Northwest Trustee Services, Inc, is a corporation and has its principal place of business located at 13555 Southeast 36th Street, Suite 100, Bellevue, Washington 98006

**Jurisdiction**

8)     Jurisdiction for the state claims arise under Washington state general laws and statures in pursuance of Plaintiffs' constitutional guarantees and protections against damages for, Unjust Enrichment, and Fraud. et al.

9)     This court has jurisdiction over the complaint because the property is situated in this district.

Statement of Facts

10) Seattle-First National Bank, aka Bank of America by merger, orchestrated and advanced and engaged in the scheme on or about July 17, 2002 when the Deed of Trust process was done with regards to the alleged loan transaction creating alleged debt in this matter. Seattle-First National Bank, aka Bank of America used my/our signature in a loan scheme to according to the Federal Reserve Bank of Chicago aforesaid Defendant(s) monetized and exchanged and converted my/our promissory note into credits that funded my/our alleged loan transaction account. A copy of the Deed of Trust is attached to this Complaint as "Exhibit A" and incorporated herein by this reference. A copy of the promissory Note is attached to this Complaint as "Exhibit B" and incorporated herein by this reference. Also see Affidavit in Support of this Verified Complaint attached as "Exhibit E" and incorporated herein by this reference.

11) Now the aforesaid bank's alleged assignee(s) Nationstar Mortgage LLC intends to sell Plaintiffs' property unjustly at auction on August 25, 2017; see copies of the Notices of Trustee's Sale is attached and marked as "Exhibit C" and "Exhibit C2" and incorporated herein by this reference. Aforesaid auction needs to be stayed.

12) This monetization exchange process was without my/our knowledge and consent and without duly compensating me/us for the use of the aforesaid note to fund the transaction account for my/our alleged loan.

13) Seattle-First National Bank, aka Bank of America failed to perform its fiduciary or contract duty to disclose the source of the funds for the transaction account to fund the loan; the source being my/our promissory note in exchange for credit dollars/money.

14) Seattle-First National Bank, aka Bank of America, went on to further the scheme in setting up and receiving payments as if a bona fide loan in the common sense of the word was done; as if the money for the loan came from Seattle-First National Bank, aka Bank of America or its depositors which is false and charged me/us principal and interest payments.

15) Then to further the scheme Seattle-First National Bank, aka Bank of America went on to transfer rights and interest resulting in the advancement of the scheme by the other Defendants.

16) Northwest Trustee Services, Inc. - a trustee de son tort, entered and supported and advanced the scheme about 2016 by alleging trustee position in the scheme and engaging in and advancing a

default with foreclosure notices with regards to the alleged loan transaction.

17) The Beneficiary is GMAC Mortgage Corporation, DBA Ditech.com supported and advanced the scheme about 1993 by alleging assignment beneficiary rights in the subject property note/mortgage loan transaction and engaging in actions to collect payments and/or transferring interest to other(s).

18) Nationstar Mortgage LLC supported and advanced the scheme about 2002 by alleging receiving assignment beneficiary rights in the subject property note/mortgage loan transaction to collect payment with regards to the subject mortgage/note for alleged loan transaction and rights to foreclose.

19) Plaintiff(s) advanced defendants a $196,000.00 promissory note on Defendants" promises that Defendant would provide a loan for real estate in Costa Rica. Defendants did not secure a bona fide loan for Plaintiff, and unlawfully retained Plaintiff's promissory note and mortgage.

20) Through September 2015 and into 2017, Plaintiff(s) attempted to contact defendants variously and together in order to successfully conclude the misrepresented loan and verification of the alleged debt; however, to date Plaintiff(s) has had no satisfaction whatsoever from the alleged original lender or assignees et al. A packet of true copies of debt validation request letters sent by Plaintiff(s) to the Defendant(s), and responses, is attached hereto and marked as "Exhibit D" and incorporated herein by this reference.

21) The original lender's alleged loan program is a fraudulent loan scheme in which the sources of

funds to close is misrepresented and provided to the borrower by the person "orchestrating" the fraud scheme and carried on by assignee/transferee co-conspirators.

22) Plaintiff(s) provided Defendant(s), with pecuniary interest passed from one to another, a promise to pay for the sum of $196,000.00 used to convert to credit and fund the loan transaction account without Plaintiffs' knowledge or consent because of false and misleading representations and omissions, including but not limited to the express and implied representations that:

a. The alleged original lender Seattle-First National Bank, aka Bank of America by merger would provide Plaintiff(s) with a loan in the common ordinary sense of the word "Loan."

b. The Loan would be for $196,000.00.

c. The Plaintiff(s) incurred a lawful debt due to the loan.

d. The Plaintiff(s) incurred an obligation to pay on a debt created by a lawful transaction.

23) Defendants induced Plaintiff(s) by misrepresentations and omissions, and the defendants jointly participated in the fraud by accepting and endorsing over $196,000.00 of Plaintiff's funds into accounts controlled by the alleged original lender and assignees with agents and servicers and trustees et al. Receiving payments and gain by monetization and/or securitization use of said promise to pay and by sending false statements of account claiming money is due when no lawful money was due for a bona fide loan and by not disclosing to Plaintiff(s) their knowledge

that there was not actual loan, and by accepting and using funds derived from the fraudulent scheme.

24) Plaintiff(s) relied upon the representations made by defendants at the time of paying $196,000.00 to them by promissory note, later converted into credit dollars to fund the loan transaction account. His and her reliance was not, under the circumstances, unreasonable.

25) Defendants were intentionally or grossly negligent and reckless in not knowing that the representations and statements they made and delivered to Plaintiff(s) were false and fraudulent. At the least they knew that no loan in the conventional sense of the word had been made.

26) Plaintiff(s) was damaged by Defendants' conduct, by the loss of Plaintiff's just compensation for the use of Plaintiff's promissory note funds created in the process of funding the account out of which the so called loan was paid.

27) Plaintiff(s) did not know, and even though Plaintiff(s) exercised reasonable care as required by the law, could not have known of Defendants' fraudulent scheme. The defendants concealed their knowledge of the false nature of the loan transaction from the Plaintiff.

Causes of Action

28) First Cause - Violation of Federal Racketeering Act (RICO)z 18 USC § 19641 Washington Consumer Protection Act. RCW 8 19.86. mg] Washington's "Little RICO" Act, RCW § 9A

82.10012)."

29) Plaintiff(s) hereby re-alleges, repeats and incorporates by this reference all allegations and paragraphs above and makes them a part of this claim, and states:

30) As expressed above, Defendants' conduct constitutes unfair and deceptive acts and practices in the conduct of business in the State of Washington and across state lines and federal borders. The actions of defendants constitute at least fraud, theft and conversion. Each defendant jointly engaged in the illegal enterprise consisting of taking fees on the pretense that a loan was provided.

31) Defendants jointly contributed to that enterprise by proven agency relationships and their conduct in inducing Plaintiff's continuing payments on a false loan. The public interest is affected, because these frauds were susceptible of repetition, and in fact occurred in two separate instances. as required under RICO, which constitutes a pattern of racketeering and wrongful conduct. Plaintiffs have suffered and will suffer financial loss and other damage to their property as a result of defendants" violations of these state and federal statutes.

32) Due to the above injuries the Defendants are indebted to Plaintiff(s) by way of recoupment and set-off for RICO.

33) Second Cause – Securities Claims.

34) Plaintiff(s) hereby re-alleges, repeats and incorporates by this reference all allegations and paragraphs above and makes them a part of this claim, and states:

35) The above referenced facts, omissions and misrepresentations constitute violations of Section 5 of the Securities Act of 1933; Section 10(b) of the Securities Exchange Act of 1934; and the registration and anti-fraud provisions of the Washington Uniform Securities Acts. Plaintiffs were harmed by aforesaid omissions and misrepresentations and suffered actual damages thereby.

36) Due to the above injuries the Defendants are indebted to Plaintiff(s) by way of recoupment and set-off for Securities Exchange Act violations.

37) Third Cause - Common Law Conversion.

38) Plaintiff(s) hereby re-alleges, repeats and incorporates by this reference all allegations and paragraphs above and makes them a part of this claim, and states:

39) Defendants jointly converted Plaintiffs' monies on misrepresentations and omissions, including, but not limited to, the express and implied representations that:

a. The alleged original lender, Defendant, exchange process, called a loan program - and as passed on to assignees and servicers, et al. - provided Plaintiff(s) with a true loan, with continued obligations on a loan in the common ordinary sense of the word "Loan" since no clarification of term "loan" et al. was given Plaintiff(s) explaining otherwise Plaintiff not being a banker understood the loan to be common ordinary loan by definition.

b. The "Exchange" process called a "Loan" for $196,000.00 that the lender provides to fund the

loan transaction account would be from its own substance, monies or monies from its investors or depositors accounts.

c. The original lender provided a real loan not "Exchanges" on a regular basis as a bona fide lender of money.

d. The Defendants' exchange process called a loan transaction created, or serviced, or assigned, created a debt owed to alleged original lender because original lender's money was used to fund the loan.

40) Those representations were false and misleading. Defendants failed to disclose the truth, and took Plaintiffs promissory note created funds knowing that the loan program was a scheme and no real loan was provided. Defendants are believed to have converted or supported the conversion of the Plaintiff's funds obtained via Plaintiff's promissory note, to Defendants' own use and the use of others.

41) Plaintiff(s) has been damaged by this fraud, and is likely to suffer further damage in the form of unjust foreclosure and eviction summary proceedings. For that reason, it is imperative that the Court restrain Defendants from transferring, secreting, or disposing of the proceeds of the fraud; and transfer those proceeds to the registry of the Court.

42) Due to the above injuries the Defendants are indebted to Plaintiff(s) by way of recoupment and set-off for conversion.

43) Forth Cause - Fraud In The Inducement.

44) Plaintiff(s) hereby re-alleges, repeats and incorporates by this reference all allegations and paragraphs above and makes them a part of this claim, and states:

45) As expressed above, Defendants deceived the Plaintiff(s) and perpetrated fraud by engaging in a scheme to procure Plaintiff's promissory note, money, and inducing payments from Plaintiff(s) with false statements of the Defendant(s) providing or servicing a bona fide loan for the aforesaid note. But instead Defendant(s) use the promissory note in a monetization process in exchange to obtain credit for the funds for the loan and then use this credit money to fund the Plaintiff's own loan transaction account. And then Defendant(s) demands payment back to itself the Defendant(s) with interest and penalties et al., as if the Defendant(s) used its own money to fund the loan transaction account, which is false.

46) Defendants hid this fraud process from Plaintiff(s). Defendants did this knowingly, willfully, and/or by gross negligence in reckless disregard of their obligations under the law, while having full knowledge of what those obligations were.

47) Plaintiffs relied on Defendants compliance with the law and their representations. That reliance was not unreasonable. As a result of that fraud, Plaintiff(s) has suffered and will suffer financial damage by the Defendants instituting a foreclosure process and money paid out in payments under false pretenses.

48) Due to the above injuries the Defendants are indebted to Plaintiff(s) by way of recoupment and set-off for fraud in the inducement.

49) Fifth Cause - Civil Conspiracy.

50) Plaintiff(s) hereby re-alleges, repeats and incorporates by this reference all allegations and paragraphs above and makes them a part of this claim, and states:


51) As expressed above, the named Defendants, and, upon information and belief, the John Doe defendants, engaged in a civil conspiracy to conduct the loan program fraud. They agreed with one another to engage in a fraud that violated state and federal statutory and common law. In this fraud their individual acts of creating and securing the mortgage contract completion or requiring payments or debt collection activities et al. conduct constitutes an agreement to support and advance the accomplishment an unlawful objective, which is a conspiracy; since Plaintiffs have suffered and will suffer actual financial damage as a result of Defendants conspiracy.


52) Due to the above injuries the Defendants are indebted to Plaintiff(s) by way of recoupment and set-off for civil conspiracy.


53) Sixth Cause - Unjust Enrichment and Imposition of a Constructive Trust.

54) Plaintiff(s) hereby re-alleges, repeats and incorporates by this reference all allegations and paragraphs above and makes them a part of this claim, and states:



55) As expressed above, Defendants obtained Plaintiffs" funds through a fraudulent loan scheme.

They were unjustly enriched by fraud. Since the funds were obtained as a result of fraud, Defendants do not own those funds, but rather hold them as constructive trustees for the investors/trustors Plaintiffs. If the investors/trustors funds are not held in trust for their benefit, Plaintiffs will suffer additional and ongoing financial loss. Here the specific elements for the imposition of a constructive trust exist. They are:

a. Fiduciary Duty. Defendants owed fiduciary duties to Plaintiffs to make full disclosure of relevant facts and to refrain from misrepresentation with respect to any transaction affecting the corporate purpose.

b. Breach of Duty. Defendants breached their duties by creating the fraudulent loan program scheme and making misrepresentations and non-disclosures to Plaintiffs.

c. Reliance. Plaintiffs relied on Defendants to perform their fiduciary duties and to refrain from engaging in misrepresentations and fraudulent omissions.

d. Unjust Enrichment. As a result of their breaches of duty and engagement in a fraudulent scheme, Defendants were unjustly enriched and should be required to hold any proceeds of their scheme as trustees for the benefit of the Plaintiffs and release Plaintiffs from any and all obligations to Defendants for payments and from security against the subject property.

56) Due to the above injuries the Defendants are indebted to Plaintiff(s) by way of recoupment and set-off for unjust enrichment and imposition of a constructive trust

57) Seventh Cause - Breach of Fiduciary Duty.

58) Plaintiff(s) hereby re-alleges, repeats and incorporates by this reference all allegations and paragraphs above and makes them a part of this claim, and states:

59) As expressed above, Defendants were corporate officers and entities and owed Plaintiffs a fiduciary duty of loyalty. which included the duties to obey state and federal securities laws and regulations; to make disclosure of relevant facts; the duty to avoid misrepresentations; and the duty to protect Plaintiffs' funds received. Defendants breached these duties by:

a. Engaging in and participating in the fraudulent loan scheme;

b. Violating state and federal securities laws and regulations by engaging in the loan scheme, including the Securities Act of 1933 (sale of unregistered securities, false representations), the Securities and Exchange Act of 1934 (false representations and omissions; engaging in scheme to defraud); and the various states Securities and Consumer Protection Acts.

c. Not disclosing their participation in the fraudulent loan scheme.

d. Failing to remit Plaintiffs' purported debt obligation and funds for a proper accounting.

60) Due to the above injuries the Defendants are indebted to Plaintiff(s) by way of recoupment and set-off for breach of fiduciary duty.

61)Eight Cause - Breach of Contract.

62)Plaintiff(s) hereby re-alleges, repeats and incorporates by this reference all allegations and paragraphs above and makes them a part of this claim, and states:

63)As noted above, Defendants had specific contractual duties to Plaintiffs with regard to their business relationships. Defendants breached these duties by:

a. Engaging in and participating in the fraudulent loan scheme;

b. Violating state and federal securities laws and regulations by engaging in the loan scheme. including the Securities Act of 1933 (sale of unregistered securities, false representations), the Securities and Exchange Act of 1934 (false representations and omissions; engaging in scheme to defraud); and the Washington State Securities and Consumer Protection Acts (same).

c. Not disclosing their participation in the fraudulent loan scheme to Plaintiffs;

d. Failing to remit Plaintiffs' purported debt obligation and funds for a proper accounting.

64)Due to the above injuries the Defendants are indebted to Plaintiff(s) by way of recoupment and set-off for breach of contract.

65) Ninth Cause - Libel.

66) Plaintiff(s) hereby re-alleges, repeats and incorporates by this reference all allegations and paragraphs above and makes them a part of this claim, and states:

67) A person's reputation, good name, honor, and integrity are among the liberty interests protected by the due process clause. QUINN V. SHIREY, 293 F3d 315 (6th Cir. 2002)

68) Here the Defendant(s), Seattle-First National Bank aka Bank of America, and Nominee MERS and assignee/Defendants, GMAC Mortgage Corporation aka Ditech Financial LLC, dba - ditech.com, and Nationstar Mortgage LLC and agent Northwest Trustee Services, Inc - a trustee de son tort, et al., in collusion institute, or support prior false claims of interest and transfers, a "Notice of Trustee's Sale" pursuant to the Revised Code of Washington 61.24, et seq., File No.: 7303.26516, Ref to DOT Auditor File No.: 20020808000711, Dated: 6/17/2016 et al. And current notice with an August 25, 2017 date for sale attached as Exhibit C2.

69) Said notices asserts, claims and states as fact that there is a Total Amount Due of $35,636.50/51,878.76. Plaintiffs deny this is true. This or any Total Amount Due is unverified and false, Further, it claims and states as fact that there is an obligation with a Principal Balance of $155,980.04.   Again Plaintiffs deny this is true. Again this or any Principal Balance amount is unverified and false.

70) The black letter law maxims state that the Defendant(s) claiming said debt have the burden of proving said claims, to wit, "The claimant is always bound to prove: the burden of proof lies on

him;" and "It is in the nature of things, that he who denies a fact is not bound to prove it; and

"The burden of proof lies upon him who affirms, not on him who denies."

71) Further, said notice(s) claims "This is an attempt to collect a debt and any information obtained

will be used for that purpose." It gives notice of that the action in foreclosure is an attempt to

collect a debt. The said debt is unverified and does not exist. This is a libelous statement(s) and

foreclosure process and demeans the reputation(s) of the Plaintiff(s).

72) Through the Publication of the "Notice of Trustee's Sale" in the King county Public Records

office the Defendant(s) has begun a campaign of disparaging and injuring Plaintiffs'

reputation(s) and goodwill in the King county local area of Washington state.

73) The Notice of Trustee's Sale contains false and misleading information and malicious statements

attributing conduct and characteristics to Plaintiff(s) that are contrary to moral and ethical

contract dealings and standards.

74) The false and malicious statements explicitly state Plaintiff(s)' name(s) in the Notice and

includes that Plaintiff(s) owes, one or more, Defendant(s) a Principal Balance of $155,980.04.

Again this is unverified and false. It also indicates that the Plaintiff(s) owes a past Total

Amount Due of $35,636.50/51,878.76. And again this is also unverified and false.

75) The Defendant(s) made these false and malicious statements or participated by collusion in a

chain of events and claims and transfers of interest in the subject property of this matter

contributing and leading to the making of these false and malicious statements, and they knew

that these false statements and claims and transfers of interest were false or occur with reckless

disregard for the truth, without reasonable grounds for the Defendant(s) to believe that they

were true. And Defendant(s) did with intent defame and injure Plaintiff(s) by said notice and

attempts to perpetuate and collect on a falsely claimed debt.

76) Defendants false claims, published in the "Notice of Trustee's Sale" within the King county

community that are against Plaintiff(s) stating Plaintiff(s) owes a debt that is not owed, have

negatively impacted on perceptions of Plaintiff(s)' trustworthiness and character and caused

Plaintiff(s) to be subjected to distrust, ridicule, contempt, and disgrace, and injured Plaintiff(s)'

reputation. Further,  without just cause said notice fabricated a debt obligation summary and

collection claim making Plaintiff(s) subject to spending time and money and energy defending

against deprivation of their lawfully owned subject property.

77) As a result of the Defendant(s)' actions the Plaintiff(s) has suffered damages for which the

Defendant should compensate Plaintiff(s).

78) The Plaintiff(s) has performed all the conditions precedent to the bringing of this cause of action

for libel, to wit:

79) The Defendant(s), through its publication of the Notice of Trustee's Sale has made statements

about Plaintiff(s) which are false.

80) The Defendant, through said notice made unprivileged communication with the publication of

these falsehoods to the third party Public Office and public of King county.

81) The Defendant(s) knew that such false statements would likely result in material and substantial libelous defamation of Plaintiff(s)' character and intended to harm Plaintiff(s).

82) Regarding Plaintiff(s), the Defendant(s)' false statements imputes to others conduct and characteristics, incompatible with Plaintiff(s)' law abiding moral and ethical beliefs and practices.

83) Plaintiff(s) seeks actual damages, punitive damages, and compensatory damages according to proof, the costs of the lawsuit and whatever else the Court and jury deems just and proper. Plaintiff(s) seeks a payment in the amount of $196,000.00, value of Plaintiffs' promissory note used to fund the transaction account for the alleged loan, plus punitive and compensatory damages.

84) Due to the above injuries the Defendants are indebted to Plaintiff(s) by way of recoupment and set-off for Libel damages and due process liberty injuries pursuant to Washington state law and said QUINN V. SHIREY cite, et al.

85) Tenth Cause - Injunctive Relief.

86) Plaintiff(s) hereby re-alleges, repeats and incorporates by this reference all allegations and paragraphs above and makes them a part of this claim, and states:

87) In addition to imposing a constructive trust on Plaintiffs' funds wrongfully obtained by

Defendants, the Court should order injunctive relief, including:

a. An accounting of Plaintiffs funds wrongfully taken;

b. An injunction restraining Defendants from converting, transferring, or secreting funds:

c. An injunction implementing a constructive trust and requiring Defendants to deposit any proceeds of their fraudulent scheme into the registry of the Court. Then to be released to Plaintiff(s)

d. An injunction restraining Defendants from operating the fraudulent loan scheme.

e. An injunction restraining Defendants from foreclosing on Plaintiff(s).

88) Due to the above injuries the Defendants are indebted to Plaintiff(s) by way of recoupment and set-off for injunctive relief.

Demand for Relief Sought

WHEREFORE, Plaintiff(s) moves for relief as follows:

Wherefore, Plaintiff(s) moves the Court to grant the Plaintiff(s) a voiding of the foreclosure processes and August 25, 2017 Foreclosure Auction for fraud, void contracts, and void foreclosure process;

For imposition of a constructive trust on all proceeds of Defendants fraudulent loan scheme, and a

freeze of all assets;

For injunctive relief in aid of the constructive trust;

For to Stay/Void any foreclosure auction sale until after these matter are adjudicated;

For Order to Stay/Void any Warrant to Evict for void contracts and void foreclosure process pending the adjudication of these matters; and

For a judgment forever enjoining said Defendant(s) from foreclosing and evicting Plaintiff(s) from the subject property;

For a ruling of lack of standing to foreclose for fraud and void contracts; and

For Order to Vacate the non judicial foreclosure default and Order(s) against Plaintiff(s) in this matter;

For the costs of suit incurred by the Plaintiff;

For an award of pre- and post-judgment interest as allowed by contract or statute;

For actual damages in the amount of $196,000.00 the value of Plaintiffs' promissory note used and converted

For punitive and exemplary damages as allowed by applicable state and federal law; and,

For such other and further relief that the Court may deem just and proper.

Jury Demand:

Plaintiff demands a trial by jury.  The common law due process jury trial and procedure for jury trial is demanded pursuant to provisions of the Washington state constitution and the national, federal constitution for the united States of America, Bill or Rights, and general laws in pursuance of said constitutions' jury trial guarantees to the people, without exception; local or special, et al., state or federal codes, rules, and regulations, and prima facie or legal evidences of law - codified statutes, to the contrary notwithstanding.

In the Year of our Lord, dated: this 12th day of June, 2017

Verification:

The Undersigning, I, We, Lynn Dale Hover and Mila Jean Hover, holder in due course of Original Jurisdiction do herewith affirm, state and say: that I, issue this Verified Complaint with sincere intent in truth, that I am competent to state the matters set forth herein, that the contents are true, correct, complete, and certain, admissible as evidence, and reasonable and just to the best of Plaintiffs' knowledge, information, and belief.

Pursuant to Title 28, U.S.C. § 1746(1) I verify and affirm under due punishment for false verified statements, penalty of perjury without U.S. office, under the laws of the United States of America that the foregoing is true and correct.

Sign Manual: Mila Jean Hover, sui juris, unrepresented

Sign Manual: Lynn Dale Hover, sui juris, unrepresented

Notary:

State of Washington

County of King

**ROXANN BRISKEY**
**NOTARY PUBLIC**
**STATE OF WASHINGTON**
My Commission Expires February 24, 2021

I certify that I know or have satisfactory evidence that Lynn Dale Hover & Mila Jean Hover are the

persons who appeared before me, and said persons acknowledged that they signed this instrument and

acknowledged to be their free and voluntary  act for the uses and purposes mentioned in the instrument.

Date: June 12th, 2017

(Notary Signature)

Title

My appointment

Expires 2/24/2021