UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNN DALE HOVER and MILA JEAN HOVER,

    Plaintiffs,

v.

GMAC MORTGAGE CORPORATION aka DITECH FINANCIAL LLC dba ditech.com, *et al.*,

    Defendants.

CASE NO. C17-0902RSM

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on the following motions:

1. Defendant Ditech Financial LLC's ("Ditech") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #17);

2. Defendants Nationstar Mortgage LLC's ("Nationstar"), Mortgage Electronic Registration Systems, Inc.'s ("MERS"), and Federal National Mortgage Association's ("Federal National") Motion to Dismiss (Dkt. #19)[1]; and

3. Defendant Northwest Trustee Services, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #7).

For the reasons discussed below, the Court GRANTS these motions.

---

[1] Defendant Bank of America, N.A. ("Bank of America"), has joined in the motions to dismiss filed by Ditech, Nationstar, MERS, and Federal National. Dkt. #22.

ORDER
PAGE - 1

## II. BACKGROUND

On or about July 17, 2002, Plaintiffs obtained a $196,000.00 Note secured by a Deed of Trust (collectively "the Loan") to finance real property at 18005 SE 63rd Street, Issaquah, WA 98027. Dkt. #1 at ¶ 10, Exs. A, B and E at ¶ ¶ 25 and 27, Dkt. #20 at ¶ 2, Ex. A, and Dkt. #7, Ex. 1. The Deed of Trust securing the Loan to the property identifies Plaintiffs as the borrowers, GMAC Mortgage Corporation DBA ditech.com ("GMAC") as the lender, Trans Nation Title Company as the trustee, and MERS, acting solely as nominee of the lender and lender's successors and assigns, as the beneficiary. *Id.* MERS subsequently assigned its interest in the Deed of Trust to Nationstar, as reflected in the Corporate Assignment of Deed of Trust recorded on August 1, 2013. Dkt. #20 at ¶ 3, Ex. B and Dkt. #7, Ex. 3.

On or about October 1, 2014, Plaintiffs defaulted on the Loan. Dkt. #1, Ex. C.

On or about May 28, 2015, Nationstar recorded an Appointment of Successor Trustee appointing Northwest Trustee Services, Inc. as the successor trustee. Dkt. #20 at ¶ 4, Ex. C and Dkt. #7, Ex. 4.

On or about June 20, 2016, a Notice of Trustee's Sale was recorded with the King County, Washington Auditor. Dkt. #20 at ¶ 5, Ex. D and Dkt. #1 at ¶ 11, Ex. C. Before the scheduled sale took place, Plaintiffs filed an action in King County Superior Court against several of the same Defendants as in the instant action. Dkt. #20 at ¶ ¶ 6 and 7, Exs. E and F. The case was removed to this Court on August 8, 2016, and assigned to the Honorable James L. Robart. Case No. C16-1243JLR, Dkt. # 1. Plaintiffs essentially alleged that Defendants lacked authority to collect any payments on the loan and to foreclose because the securitization process was not disclosed and the Deed of Trust and Note were "null and void for lack of consent." *See* Dkt. #1, Ex. A. at ¶ 3. Plaintiffs further alleged a claim for fraud, and asserted that the foreclosure and

sale of their Property was unlawful. Case No. C16-1243JLR., Dkt. # 1, Ex. A at ¶¶ 6 and 7. The Complaint referenced the same Deed of Trust and Note that Plaintiffs attach to the current Complaint. *Compare* Case No. C16-1243JLR, Dkt. #1 at ¶ 4, Exs. A and B *with* Dkt. #1 (in the instant matter) at ¶ 10, Exs. A and B. Plaintiffs also reference the Notice of Trustee's Sale dated June 17, 2016, and their Debt Validation requests in both Complaints.

On September 8, 2016, Judge Robart granted the defendants' motion to dismiss, with leave to amend the Complaint. Case No. C16-1243JLR, Dkt. #14. On October 18, 2016, Plaintiffs filed their Amended Complaint. *Id.*, Dkt. #17. The Amended Complaint asserted a new cause of action for libel, but contained essentially the same claims as the original Complaint. *Id.* Judge Robart ultimately dismissed all of Plaintiffs' claims with prejudice, and entered judgment April 5, 2017. Dkts. #28, #30 and #31.

Plaintiffs then filed a Motion to Alter/Amend the Order and Judgment. Dkts. #32 and #33. Plaintiffs also asked Judge Robart to recuse himself from their matter. *Id.* Judge Robart construed Plaintiffs' motion as one for reconsideration, and denied it.[2] Dkt. #34. Plaintiffs then filed a Notice of Appeal with the Ninth Circuit Court of Appeals. Dkt. #37. That appeal was later dismissed for failure to pay the filing fee. Case No. C16-1243JLR, Dkt. #42.

In the meantime, on or about April 25, 2017, the previously-scheduled trustee's sale was discontinued, and a new Notice of Trustee's Sale was recorded with the King County Auditor, setting an August 25, 2017, sale date. Dkt. #7, Ex. 8 and Dkt. #20 at ¶ 9, Ex. H. Plaintiffs then filed the instant action. Dkt. #1. Defendants' motions to dismiss followed, and are now ripe for review.

---

[2] Judge Robart also declined to recuse himself. Dkt. #34. Pursuant to the Court's Local Rules, the recusal order was referred to the Undersigned for review. *Id.* Judge Robart's denial of recusal was subsequently affirmed. Dkt. #40.

ORDER
PAGE - 3

## III. DISCUSSION

### A. Legal Standard

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the Complaint, the Court may consider documents of which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court has taken judicial notice of and considers herein the documents set forth in the various Defendants' requests for judicial notice, including loan documents submitted by all parties and briefing from the 2016 matter before Judge Robart. *See* Dkts. #7 at 4, #17 at 2-3, fns. 1-3, and #19 at 6, fn. 6. The Court agrees that judicial notice is appropriate because the documents are either attached to or incorporated by reference in the Complaint, or are matters of public record, having been filed in the King County Auditor's Office. FRE 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B. Defendant Ditech's Motion to Dismiss and Bank of America's Joinder Therein**

The Court first addresses Ditech's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in which Defendant Bank of America has joined. Dkts. #17 and #22. Ditech asserts that it should be dismissed with prejudice from this action because it had no involvement with any of the events at issue.[3] Dkt. #17 at 3-4. Plaintiffs did not file a timely response.[4]

Having reviewed Defendant's motion and the remainder of the record, the Court agrees that Defendants Ditech and Bank of America should be dismissed with prejudice. The record reveals that Ditech did not originate the loan, was not the original beneficiary of the Trust Deed, and was never assigned any interest in the Trust Deed. Moreover, Ditech Financial LLC is not the same entity as GMAC (which no longer exists), nor does it appear to be a successor entity. Thus, Plaintiff has no cognizable claim against Defendant Ditech.

Likewise, it is not clear that Bank of America was even intended to be named as a Defendant in this action. Bank of America was apparently served with the Complaint, but it is not listed as a Defendant in the caption. *See* Dkt. #1. Further, while Bank of America is mentioned briefly in the Complaint, none of the exhibit documents reference Bank of America, and it also is not related to GMAC. Accordingly, Plaintiffs have no cognizable claim against Bank of America.

**C. Defendants Nationstar's, MERS', and Federal National's Motion to Dismiss**

The Court next turns to Defendants Nationstar's, MERS', and Federal National's Motion to Dismiss. Dkt. #19. These Defendants argue that Plaintiffs' claims must be dismissed because:

---

[3] Bank of America asserts the same. Dkt. #22.

[4] On September 18, 2017, Plaintiffs filed a response to the motion. Dkt. #34. However, the Court struck the response as untimely, noting that Plaintiffs had never moved to file an untimely response. Dkt. #36.

ORDER
PAGE - 5

1) they are barred by the doctrine of *res judicata*; 2) the claims based on the origination of the loan lack legal basis and are time barred; 3) the claims pursuant to Washington's Consumer Protection Act, RICO and Little RICO fail as a matter of law; 4) Plaintiffs lack standing to bring a claim under the Securities Exchange Act of 1933; 5) Plaintiffs fail to state a cause of action for common law conversion; 6) Plaintiffs fail to state a claim for civil conspiracy; 7) Plaintiffs' claim for unjust enrichment fails as a matter of law; 8) Plaintiffs do not state a claim for breach of fiduciary duty; 9) Plaintiffs fail to state a claim for breach of contract; 10) Plaintiffs' claim for libel fails as a matter of law; and 11) Plaintiffs' claim for injunctive relief fails as a matter of law. Dkt. #19 at 7-20. Plaintiffs did not file a timely response.[5]

The Court has reviewed the motion along with the remainder of the record and confirms that each of Defendants' arguments has a sound legal basis. Accordingly, the Court finds that Plaintiffs have no cognizable legal claims against Nationstar, MERS, or Federal National.

**D. Defendant Northwest Trustee Services, Inc.'s Motion to Dismiss**

Finally, this Court turns to Defendant Northwest Trustee Services, Inc.'s ("NWTS") motion to dismiss. Dkt. #7. Defendant argues that Plaintiffs' claims should be dismissed because they fail to allege sufficient facts to suppoort any claim against it. *Id.* Plaintiffs oppose the motion, arguing that the instruments upon which Defendant is acting are unlawful, and therefore the foreclosure is also unlawful. Dkt. #33 at ¶9. Plaintiffs also argue at length that because they are proceeding *pro se* the Court should treat them leniently and review their allegations broadly, and that motions to dismiss are disfavored in any event. *See* Dkt. #33.

---

[5] On September 18, 2017, Plaintiffs filed a response to the motion. Dkt. #35. However, the Court struck the response as untimely, noting that Plaintiffs had never moved to file an untimely response. Dkt. #36.

ORDER
PAGE - 6

As with the previous motion to dismiss filed by Nationstar, MERS, and Federal National (Dkt. #19), discussed *supra*, the Court has reviewed the instant motion along with the remainder of the record and confirms that each of Defendant's arguments has a sound legal basis. Moreover, in granting Defendants Nationstar's, MERS', and Federal National's Motion to Dismiss, the Court has determined that Plaintiffs' claims are barred by the doctrine of *res judicata*. Because all of Plaintiffs' claims against NWTS appear to be based on claims that have been rejected on that basis, Plaintiffs have no cognizable claims against NWTS.

Even if Plaintiffs' claims were not barred, NWTS is correct that Plaintiffs fail to allege sufficient facts to link NWTS to any of their claims. Indeed, relying primarily on outdated, non-binding legal authority from outside of this District and the Ninth Circuit, Plaintiffs essentially argue that their statements should be accepted as true, and then reiterate conclusory allegations without any specific factual content. *See* Dkt. #33. Even viewing Plaintiffs' Complaint and briefing leniently, Plaintiffs fail to adequately plead any claims against NWTS. They fail to explain how NWTS participated in fraud, conspiracy to commit fraud, or racketeering activity; they do not discuss their Washington Uniform Securities Acts, Securities Act of 1933, and Securities Act of 1934 allegations in any manner; they do not address how the tort of conversion applies to NWTS's conduct; they do not mention what value of a benefit NWTS retained against them in the absence of a contractual relationship; they do not articulate how NWTS breached the deed of trust; and they do not state sufficient facts to support a claim of libel against NWTS. *See* Dkt. #1 at ¶ ¶ 39-40, 55(a), 63 and 69-74. Likewise, they do not acknowledge that NWTS was not involved in the loan's origination, but instead became successor trustee thirteen years later. For all of these reasons, the Court finds that Plaintiffs have no cognizable claims against NWTS.

### E. Leave to Amend

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. The Court can conceive of no possible cure for the deficiencies in Plaintiff's Complaint, particularly given the dismissal with prejudice of their prior claims against many of the same Defendants, which were based on the same Loan as that at issue here, and their failure to allege any facts linking the remaining Defendants to any of their claims.

### IV. CONCLUSION

Having reviewed Plaintiffs' motion and the remainder of the record, the Court hereby ORDERS:

1. Defendant Ditech Financial LLC's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #17) is GRANTED. Defendants Ditech Financial LLC and Ditech.com are dismissed as Defendants to this action. Because GMAC Mortgage Corporation no longer exists, and was named as a d/b/a of Ditech, that entity is also DISMISSED as a result of this Order.

2. Defendants Nationstar Mortgage LLC's, Mortgage Electronic Registration Systems, Inc.'s, and Federal National Mortgage Association's Motion to Dismiss (Dkt. #19) is GRANTED, and these Defendants are dismissed from this action.

3. Defendant Bank of America, N.A.'s joinder in the above motions (Dkt. #22) is also GRANTED, and this Defendant is dismissed from this action.

4. Defendant Northwest Trustee Services, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #7) is GRANTED, and this Defendant is dismissed from this action.

5. This case is now CLOSED.

DATED this 3 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 9